(No. 3943— )

ARTHUR D. BRUNK, Claimant, *vs.* STATE OF ILLINOIS, Respondent.
*Opinion filed April 24, 1947.*

L. G. PEFFERLE, for claimant.

GEORGE F. BARRETT, Attorney General, and C. ARTHUR NEBEL, Assistant Attorney General, for respondent.

Damron, J.

This is a claim filed by the above claimant for benefits under the Workmen's Compensation Act. The record consists of the complaint, departmental report, transcript of evidence, commissioner's report, claimant and respondent's waiver of brief, statement, and argument, and court reporter's bill.

The record discloses that claimant on February 1, 1945 was employed by the Division for Delinquency Prevention in the Department of Public Welfare of the State of Illinois. He was head of the Regional Office at Urbana and had supervision over the work of the various field workers in that office. In addition, he was doing some work for the Delinquency Prevention Division by helping edit a manual regarding the work. This manual had previously been started by Mr. Arley Gillett, a former employee of the Division for Delinquency Prevention, who on the last mentioned date was a coach of the Normal High School and resided at 402 Virginia Avenue, Normal, Illinois.

Arrangements had been made for claimant and Mr. Gillett to do further work on the manual at the latter's home on February 1, 1945. As the claimant approached the place of meeting, he slipped and fell on the icy pavement adjacent thereto. He was immediately taken to the Brokaw Hospital where it was found he had suffered a fracture of the right ankle. He was attended by physicians who reduced the fracture. He was absent from his duties throughout the month of February 1945 and incurred and paid medical bills in the sum of $244.00 and hospital bills in the sum of $80.59, for which he has not been reimbursed by the respondent.

The departmental report filed herein shows that claimant was paid full salary during his convalescing pe-

riod amounting to $350.00 per month for unproductive time.

From the record we make the following findings: that the claimant and respondent were operating under the provisions of the Workmen's Compensation Act and that his accident did arise out of and in the course of his employment by respondent. Inasmuch as claimant received full salary during the time he was incapacitated, his claim for temporary compensation under the Act must be denied.

An award is therefore hereby entered in favor of claimant, Arthur D. Brunk, in the sum of Three Hundred Twenty-Four Dollars Fifty-Nine Cents ($324.59) to reimburse him for hospital bills amounting to $80.59, and doctor bills amounting to $244.00, as provided in Section 8(a) of the Workmen's Compensation Act, as amended.

Eileen Jones, court reporter with offices in the First National Bank Building, Springfield, Illinois, was employed to take and transcribe the evidence in this case and has rendered a bill in the amount of $14.00. The Court finds that the amount charged is fair, reasonable and customary and said claim is allowed.

An award is therefore hereby entered in the amount of Fourteen ($14.00) Dollars for the use of Eileen Jones.

This award is subject to the approval of the Governor as provided in Section 3 of, "An Act concerning the payment of compensation awards to State employes."